UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABRAHAM LEAVITT,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SKY WARRIOR BAHAMAS LIMITED d/b/a BAHA MAR CASINO, and CHOW TAI FOOK ENTERPRISES LTD.,<br><br>　　　　　　　Defendants. | Case No. 1:24-cv-00886-RMB-SAK |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SANCTIONS AGAINST PLAINTIFF

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Riverfront Plaza, Suite 800
Newark, N.J. 07102
Tel: (973) 577-6260
*Attorneys for Defendants*

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT .......................................................................................................1

    I.    LEGAL STANDARD FOR SANCTIONS UNDER RULE 11 ...........1

    II.    SANCTIONS SHOULD BE IMPOSED ON PLAINTIFF ..................4

    III.    AN AWARD OF ATTORNEYS' FEES AND COSTS WOULD BE AN APPROPRIATE SANCTION ......................................................5

CONCLUSION ..................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

*Burlington Coat Factory Warehouse v. Belk Bros., Co.*,
  621 F. Supp. 224 (S.D.N Y 1985) ...................................................................5

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991)...........................................................................................3

*Chang v. Ale C&C Co., Ltd.*,
  778 F. Supp. 3d 654 (D.N.J. 2025)...................................................................4

*Cohen v. Virginia Elec. Power Co.*,
  788 F.2d 247 (4th Cir. 1986) ...........................................................................5

*DiPaolo v. Moran*,
  407 F.3d 140 (3d Cir. 2005) ............................................................................4

*Eastway Constr. Corp. v. City of New York*,
  762 F.2d 243 (2d Cir. 1985) ............................................................................5

*Edmondson v. Illiston Ford, Inc.*
  13-7704, 2021 WL 2651143 (D.N.J. June 24, 2021) ......................................3

*Feingold v. Graff*,
  516 F. App'x 223 (3d Cir. 2013) .....................................................................3

*Ford Motor Co. v. Summit Motor Products, Inc.*,
  930 F.2d 277 (3d Cir. 1991) ............................................................................2

*Gagliardi v. McWilliams*,
  834 F.2d 81 (3d Cir. 1987) ..............................................................................5

*Gaiardo v. Ethyl Corp.*,
  835 F.2d 479 (3d Cir. 1987) ............................................................................5

*Lieb v. Topstone Indus., Inc.*,
  788 F.2d 151 (3d Cir. 1986) ............................................................................2

*Orange Production Credit Ass'n v. Frontline Ventures Ltd.*,
  792 F.2d 797 (9th Cir. 1986) ...........................................................................5

*Republic of the Philippines v. Westinghouse Elec.*,
   43 F.3d 65 (3d Cir. 1994) ................................................................................... 3

*Simmerman v. Corino*,
   27 F.3d 58 (3ᵈ Cir. 1994) ..................................................................................... 2

*Snow Machines, Inc. v. Hedco, Inc.*,
   838 F.2d 718 (3ᵈ Cir. 1988) ................................................................................. 2

*Teamsters Local Union No. 430 v. Cement Express Inc.*,
   841 F.2d 66 (3ᵈ Cir. 1988) ................................................................................... 2

*Wachtel v. Health Net, Inc.*,
   239 F.R.D. 81 (D.N.J. 2006) ................................................................................ 4

*Westmoreland v. CBS, Inc.*,
   770 F.2d 1168 (D.C. Cir. 1985) ........................................................................... 5

**Statutes**
28 U.S.C. § 1927 ........................................................................................................ 3

**Rules**
F.R.C.P. 11 ....................................................................................... 1,  2, 3, 6

# INTRODUCTION

Defendants, by their attorneys Lewis Brisbois Bisgaard & Smith LLP, submit this memorandum in support of their motion seeking an award of sanctions against Plaintiff pursuant to Fed. R. Civ. P. Rule 11(c)(2).

The Court has dismissed this action based on lack of jurisdiction over Defendants, by order dated May 5, 2025 (Dkt. # 21), and has on several occasions the Court has commented on the improper conduct engaged in by Plaintiff including repeated misrepresentations to the Court. On the basis of this misconduct, the Court sua sponte ordered a hearing to address sanctions. After the hearing, conducted on November 13, 2025, the Court stated that it would reprimand Plaintiff and gave Defendants leave to seek attorneys' fees. The Court then issued an order on November 14 judicially reprimanding Plaintiff for his conduct (Dkt. # 36). By this application, Defendants seek to recover the attorneys' fees and costs incurred to date herein.

# ARGUMENT

## I.   LEGAL STANDARD FOR SANCTIONS UNDER RULE 11

F.R.C.P. 11(b) provides in part:

> By presenting to the court a pleading, written motion, or other paper…an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses,

1

and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…

To comply with the requirements imposed by Rule 11, a party must conduct "a reasonable investigation of the facts and a normally competent level of legal research to support the presentation." Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3$^d$ Cir. 1986). In scrutinizing a filed paper against these requirements, a court must apply an objective standard of reasonableness under the circumstances. Snow Machines, Inc. v. Hedco, Inc., 838 F.2d 718, 727 (3$^d$ Cir. 1988). The legal standard to be applied when evaluating the conduct alleged violative of F.R.C.P. 11 is "reasonableness under the circumstances." Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 289 (3$^d$ Cir. 1991). Reasonableness in the context of this rule is "an objective knowledge or belief at the time of the filing of the challenged paper that the claim was well-rounded in law and fact." Ford Motor Co., 930 F.2d at 289. Reasonableness is "an objective knowledge or belief at the time of the filing of the challenged paper that the claim was well-rounded in law and fact." Id. Sanctions are appropriate if "the filing of the Complaint constituted abusive litigation or misuse of the court's process." Simmerman v. Corino, 27 F.3d 58, 62 (3$^d$ Cir. 1994); see also Teamsters Local Union No. 430 v. Cement Express Inc., 841

2

F.2d 66, 70 (3ᵈ Cir. 1988) (sanctions are deemed appropriate only if the filing constituted abusive litigation or misuse of the court's process.)

Ordinarily a motion under this rule must be addressed in the manner set forth in F.R.C.P. 11(c)(2), which provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenge paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Here, the Court's approval of the filing of a Rule 11 motion at the November hearing obviates the need to submit such a pre-filing motion to Plaintiff.[1] "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c).

Courts have "inherent authority to impose sanctions upon those who would abuse the judicial process." Republic of the Philippines v. Westinghouse Elec., 43 F.3d 65, 73 (3d Cir. 1994) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991)). These powers include investigating whether a fraud has been committed

---

[1] This motion does not seek relief under 28 U.S.C. § 1927 in view of this Court's previous conclusion that the statute may not apply to pro se litigants. Edmondson v. Illiston Ford, Inc. 13-7704 (RMB/MJS), 2021 WL 2651143, at *3 (D.N.J. June 24, 2021), citing Feingold v. Graff, 516 F. App'x 223, 229 (3d Cir. 2013). If the Court is inclined to revisit the issue, Plaintiff's conduct herein is a shining example of vexatious multiplication of proceedings.

3

upon the court and assessing attorney's fees when a party has acted in bad faith. *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006). "Courts in the Third Circuit must ensure there is "an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction imposed is tailored to address the harm identified." Id. at 100 (internal quotations omitted)." Chang v. Ale C&C Co., Ltd., 778 F. Supp. 3d 654, 674 (D.N.J. 2025) (awarding attorneys' fees).

## II.  SANCTIONS SHOULD BE IMPOSED ON PLAINTIFF

As Rule 11 makes clear, Plaintiff's status as a pro se litigant does not shield him from Rule 11 sanctions because even an un-represented party such as Plaintiff is required to conduct a reasonable inquiry into the underpinnings of his claims before signing a pleading.

"[T]he guiding purpose in fixing Rule 11 sanctions is fashioning a sanction adequate to deter undesirable future conduct." DiPaolo v. Moran, 407 F.3d 140, 146 (3d Cir. 2005). The Court has reprimanded Plaintiff on the record as a punishment for his misconduct, but has also noted that an award of fees to Defendants may be appropriate in light of their having been obligated to defend this case which never should have been brought and which should have been voluntarily dismissed once Defendants filed their meritorious motion showing lack of jurisdiction due to improper service of process. Instead, Plaintiff doubled down and Defendants were

4

forced to incur still more fees. It was not until Plaintiff belatedly retained counsel to address the Court's order to show cause that he attempted to withdraw unfounded filings (a recusal motion) and to retreat from his baseless factual and legal positions.

### III. AN AWARD OF ATTORNEYS' FEES AND COSTS WOULD BE AN APPROPRIATE SANCTION

In the case at bar, it is respectfully submitted that sanctions should be imposed on Plaintiff. His behavior in taking frivolous factual and legal positions establishes a pattern of behavior designed to harass and cause Defendants to incur unnecessary litigation costs. The most common of the sanctions imposed by district courts has been an award of attorneys' fees. See Gagliardi v. McWilliams, 834 F.2d 81, 82 (3d Cir. 1987); see also Orange Production Credit Ass'n v. Frontline Ventures Ltd., 792 F.2d 797 (9th Cir. 1986) (affirming district court's imposition of Rule 11 sanction of award of attorney's fees and costs); Cohen v. Virginia Elec. Power Co., 788 F.2d 247 (4th Cir. 1986) (affirming district court's award of attorney's fees as Rule 11 sanction); Westmoreland v. CBS, Inc., 770 F.2d 1168 (D.C. Cir. 1985) (approving Rule 11 sanction of attorneys' fees and costs); Eastway Constr. Corp. v. City of New York, 762 F.2d 243 (2d Cir. 1985) (remanding for district court to determine attorney's fee award as Rule 11 sanction); Gaiardo v. Ethyl Corp., 835 F.2d 479, 484 (3d Cir. 1987); Burlington Coat Factory Warehouse v. Belk Bros., Co., 621 F. Supp. 224, 239 (S.D.N Y 1985).

Submitted herewith is the declaration of Peter T. Shapiro, Esq., who has been lead counsel for Defendants throughout this litigation. He has provided true and correct copies of the invoices rendered by his law firm, Lewis Brisbois Bisgaard & Smith LLP, to Defendants, which have been paid or approved for payment. The details of the services rendered have been redacted, but can be provided to the Court for <u>in camera</u> review. Defendants respectfully request that Plaintiff be ordered to pay the full amount of the fees and costs incurred by Defendants herein.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that Plaintiff should be sanctioned for his conduct and Defendants should be awarded attorneys' fees and costs pursuant to F.R.C.P. 11(c)(2).

> Respectfully Submitted,
>
> **LEWIS BRISBOIS BISGAARD & SMITH LLP**
> **Attorneys for Defendants**
>
> By: /s/ Peter T. Shapiro
>      Peter T. Shapiro, Esq.

Dated:  December 10, 2025

## CERTIFICATE OF FILING

I certify that on December 10, 2025 I caused Defendants' sanctions motion to be filed by ECF and thereby served on counsel for Plaintiff.

                                          BY: /s/ Peter T. Shapiro
                                                 Peter T. Shapiro, Esq.

Dated: December 10, 2025