UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – CAMDEN VICINAGE

ABRAHAM LEAVITT                              *

                              Civil No: 24-886 (RMB) (SAK)

                                  *

    Plaintiff,

                                  *

vs.

                                  *

SKY WARRIOR BAHAMAS LIMITED
d/b/a BAHA MAR CASINO, AND CHOW   *
TAI FOOK ENTERPRISES LTD.,
280 S Decatur Blvd                              *

    Defendant.                              *
*    *    *    *    *    *    *      *    *    *    *    *

**PLAINTIFF'S MEMORANDUM OF LAW
(A) IN OPPOSITION TO DEFENDANTS' MOTION AND
(B) IN SUPPORT OF PLAINTIFF'S CROSS-MOTION**

**INTRODUCTION**

Defendants filed a Rule 11 motion that is frivolous on its face. Rule 11(c)(2)

(the *Safe-Harbor Rule*) requires that a sanctions motion "must be served under

Rule 5, but it must not be filed or be presented to the court" unless the challenged

paper is not withdrawn or corrected within 21 days. Defendants quoted the Safe-

Harbor Rule to this Court and then ignored it.  Defendants did not serve any Rule

11 motion 21 days before filing. In fact, Defendants' own counsel has certified that

he "caused the Notice of Motion, supporting Declaration and exhibits, proposed

1

order, and the Memorandum of Law to be *filed and served* by ECF" on December 10, 2025. (Emphasis added). That is not Safe-Harbor service; it is the opposite.

Worse still, Defendants filed their Rule 11 motion after the Court had already closed the case. On November 14, 2025, the Court entered an Order (i) marking Leavitt's motions withdrawn, (ii) judicially reprimanding him, and (iii) directing the Clerk to close the case. A post-closure Rule 11 motion not only deprives the target of the withdrawal/correction opportunity that the Safe-Harbor is designed to ensure, it also invites the very "danger of piecemeal appeals" the Third Circuit has long advised counsel and courts to avoid.

Defendants' Motion is also substantively improper. Among other things, Defendants fail to tie the relief sought to any specific "pleading, written motion, or other paper" within Rule 11(b). To the contrary: they delayed bringing their Motion until after Plaintiff had already withdrew all of his legal arguments in this Action and the Court already issued a substantive ruling on the issue of sanctions. Rule 11 does not permit parties to obtain such untimely relief.

Finally, even if a fee award were proper (which it is not), Defendants fail to provide the Court with an evidentiary record upon which such an award can properly be based. Defendants' fee submission is not even reviewable. District courts must conduct a thorough and searching analysis when reviewing attorney fee applications, and must consider, among other factors, the nature, extent, and

2

value of services, time spent, rates charged, necessity of services, and whether

compensation is reasonable based on customary rates. Fees cannot be awarded

where, as here, virtually every time entry is redacted in their entirety. A sanctions

fee award cannot be imposed on black-box billing, as doing so would deprive

Plaintiff of a full and fair opportunity to challenge the fee application, leaving the

Court to just take counsel's word for it.

For these reasons, as same are set forth more fully below, the Court should

deny Defendants' Motion in its entirety and award to Plaintiff the reasonable fees

and costs he incurred to oppose it.

## RELEVANT BACKGROUND

1.      On February 15, 2024, Defendants filed a Notice of Removal

transferring Plaintiff's then-pending state-court action against Defendants from the

Superior Court of New Jersey (the *State Court Action*) to the Federal District Court

of New Jersey.  (ECF No. 1) In their Notice, Defendants' counsel identified letters

from Corporate Service Company (*CSC Rejection Letters*) and explained that those

letters rendered Plaintiff's earlier application for default against Defendants in the

State Court Action "clearly improper." See id. at pp. 2-3, ¶¶4-5.

2.      On February 23, 2024, Defendants filed a Motion to Dismiss

Plaintiff's Complaint in this Action pursuant to FRCP 12(b)(5) "due to improper

service of process" (the *MTD*). (ECF NO. 4 at p. 1).

3.     At no time prior to filing the MTD did Defendants serve upon Plaintiff a Rule 11 motion and warn Plaintiff that if he failed to withdraw his Complaint, said served Rule 11 motion would be filed with the Court and Defendants would seek attorney's fees against Plaintiff in connection therewith.

4.     On February 26, 2024, Plaintiff filed a Motion to Remand his Complaint back to New Jersey Superior Court. (ECF No. 6).

5.     On March 6, 2024, Defendants filed opposition to the Motion to Remand. (ECF No. 7) However, at no time prior to filing said opposition did Defendants serve upon Plaintiff a Rule 11 motion and warn Plaintiff that if he failed to withdraw the Motion to remand, said served Rule 11 motion would be filed with the Court and Defendants would seek attorney's fees against Plaintiff in connection therewith.

6.     In an Opinion entered September 24, 2024, the Court cited the CSC Rejection Letters as grounds for finding that service upon Defendants had been improper.  (ECF No. 9 at pp. 14-15)  By Order entered that same day, the Court ordered a hearing to be held on whether to quash service of process or dismiss Plaintiff's Complaint for improper service.  (ECF No. 10).

7.     At no time prior to entry of the Court's Opinion and Order did Defendants serve upon Plaintiff a Rule 11 motion and warn Plaintiff that if he failed to withdraw any paper filed by him, said served Rule 11 motion would be

filed with the Court and Defendants would seek attorney's fees against Plaintiff in connection therewith.

8.    On February 4, 2025, the Court held a hearing on whether to quash service or dismiss Plaintiff's Complaint.  During that hearing, Plaintiff proffered copies of the CSC Rejection Letters. Also during that hearing, the Court dismissed Plaintiff's Complaint and made the following statements, among others:

> At the end of the day, while you both are looking, at the end of the day, the issue is, clearly service was improper. Clearly default should not have been entered. The question is whether or not I deal with sanctions. (ECF No. 20 at 15:12-15)
>
> ***
>
> Because I think that there was lack of candor with the Court.  I deal with lack of candor to the Court in several ways.  One of them is sanctions. I impose attorney's fees if I find that the errant party has misled the Court, has misled the party [sic]. (*Id.* at 209-13)
>
> ***
>
> I want a submission from you [i.e., Defendants' counsel, Mr. Shapiro] advising me whether or not those two documents that I've talked about [i.e., the CSC Rejection Letters] were provided by the defendant to the plaintiff. Because if they were not, then the plaintiff clearly received them because he handed them to me here today, and I can infer misconduct on his part or misleading the Court on his part, because it's too conspicuous that he received those two but not the other two that were addressed to him, number one. (*Id.* at 42:16-24)
>
> ***
>
> I will be dismissing the complaint.  … I'm going to retain jurisdiction in any event because I want to resolve whether or not the conduct should be sanctioned. (*See id.* at 43:18-23)

5

9.      In a letter to the Court dated February 7, 2025, Defendants' counsel

stated, among other things:

> I can confirm that neither my associate Jacob Tebele nor I
> sent to Plaintiff by email or otherwise the CSC rejection
> letters dated December 14, 2023, or February 13, 2024,
> which he presented to the Court during the hearing [held
> February 4, 2025].
>
> Finally, if the Court determines that sanctions are called
> for and intends to entertain an application by Defendants
> to recover their attorneys' fees, and costs, Defendants are
> prepared to present evidence of those fees and costs via
> declarations, in-court testimony of counsel, or any other
> means the Court deems to be appropriate. (ECF No. 18 at
> pp. 1-2).

Notwithstanding the aforementioned reference to the making "an application

by Defendants to recover attorney's fees," Defendants did not serve a Rule 11

motion upon Plaintiff or warn Plaintiff that if he failed to withdraw any paper filed

by him, said served Rule 11 motion would be filed with the Court and Defendants

would seek attorney's fees against Plaintiff in connection therewith.

10.     By Order dated May 5, 2025, the Court Ordered, among other things:

> ORDERED that within 30 days of the entry of this
> Memorandum Order, Plaintiff Abraham Leavitt shall show
> cause by written submission filed on the docket explaining
> why the Court should not sanction him given his litigation
> conduct. Plaintiff must specifically address: (1) his factual
> investigation into Defendants' registered agent that he
> served process on; (2) when he received the December 14th
> and February 13th rejection letters that he provided to this
> Court; (3) why he never notified this Court of those
> rejection letters at anytime before the February 4, 2025

6

hearing; and (4) why he continued to maintain his position that he properly served Defendants despite having the rejection letters.  (ECF No. 21 at pp. 10-11)

11.    At no time prior to May 5, 2025 did Defendants' serve upon Plaintiff a Rule 11 motion and warn that if Plaintiff failed to withdraw any paper in this action, said served Rule 11 motion would be filed with the Court and Defendants would seek attorney's fees against Plaintiff in connection therewith.

12.    On May 22, 2025, Plaintiff filed a Response to Order to Show Cause. (EFC No. 22).  Defendants filed no response thereto.

13.    On June 6, 2025, Plaintiff filed a Motion for Clarification Regarding Removal of Certified Transcript and Request for Protective Ruling. (ECF No. 23). Defendants filed no response thereto.

14.    On June 25, 2025, Plaintiff filed a Motion for Recusal.  (ECF No. 24) On June 27, 2025, Defendants filed opposition thereto.  (ECF No. 25).

15.    At no time prior to June 27, 2025 did Defendants serve upon Plaintiff any Rule 11 motion and warn him that if he failed to withdraw either the Response to Order to Show Cause (ECF No. 22), the Motion for Clarification (ECF No. 23) or the Motion for Recusal (ECF No. 24), said served Rule 11 motion would be filed with the Court and Defendants would seek attorney's fees against Plaintiff in connection therewith.

16.    On July 14, 2025, Plaintiff filed a Motion for Clarification and/or

Reconsideration. (ECF No. 27).  Defendants filed no response thereto.

17.    On July 16, 2025, the Court issued a Text Order (ECF No. 28) scheduling an evidentiary hearing in connection with the four (4) topics set forth in its Order to Show Cause (ECF No. 22).

18.    On November 12, 2025, Plaintiff's counsel filed a letter with the Court (the *Letter*) along with a Declaration from Plaintiff (the *Declaration*). (ECF No. 34, and Attachment #1).  Pursuant to the Letter, Plaintiff withdrew his Motion for Recusal (ECF No. #24), and withdrew and recanted the legal positions he had taken with respect to his Motion to Remand back to State Court.  In and by his Declaration, Plaintiff made a factual showing responding to the four (4) topics set forth in the Court's Order to Show Cause (ECF No. 22)

19.    On November 13, 2025, the Court held an Order to Show Cause Hearing. (ECF No. 38).  During that Hearing, Defendants' counsel conceded that Defendants had "pointed … out right away" to Plaintiff in this action that CSC was not the proper agent for service of process upon Defendants (*id.* at 11:1-10). However, counsel failed to disclose to the Court the indisputable fact that Defendants had theretofore never served any Rule 11 Motion upon Plaintiff. Although the Court stated to Defendants' counsel during the Hearing: "And if you wish to pursue a Rule 11 application, you can do that," the Court made that statement without knowing that Defendants had not previously served a Rule 11

motion upon Plaintiff.  Nor did the Court waive any of the pre-filing requirements that apply to Rule 11 Motions at any time during the Hearing.

20.     On November 14, 2025, the Court entered an Order: (a) marking Leavitt's then-pending motions as withdrawn; (b) judicially reprimanding Leavitt for purported lack of candor and litigation misconduct; and (c) closing the case. (ECF No. 36)

21.     On December 10, 2025, Defendants filed a Notice of Motion seeking "Rule 11 Sanctions" and an Order "imposing sanctions on Plaintiff and ordering him to pay Defendants' attorneys' fees and costs." (ECF No. 39). However, Defendants did not serve any Rule 11 motion 21 days before said filing. In fact, Defendants' counsel certified that on December 10, 2025 he filed the motion papers and "served [them] by ECF."

22.     Defendants' own declaration admits the billing records are redacted: "The invoices have been redacted so that the charges are visible but the privileged entries for the work performed are not visible."

23.     Consistent with that admission, the invoices omit the descriptions of work; for example, entries list date/attorney/hours with the "Description of Services Rendered" effectively blanked out.

24.     On December 15, 2025, Plaintiff filed a Notice of Appeal from, among other things, that portion of the Court's November 14, 2025 Order sanctioning upon him.  (ECF No. 40)

## PROCEDURAL STANDARD

### a.  Rule 11(c)(2) Safe Harbor

Rule 11(c)(2) provides (as Defendants themselves quote) that: a sanctions motion "must be served under Rule 5, but it must not be filed or be presented to the court" if the challenged material is withdrawn or corrected within 21 days; and "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."

### b.  Rule 11(b) Applies to Written Filings

Rule 11(b) concerns "presenting to the court a pleading, written motion, or other paper" and requires that such paper not be presented for an improper purpose and have legal/factual support after a reasonable inquiry.

### c.  Reasonable Investigation Prerequisite

Circuit authority that to comply with Rule 11, a party must conduct "a reasonable investigation of the facts and a normally competent level of legal research to support the presentation."

## ARGUMENT

### I.     Defendants' Rule 11 Motion Must Be Denied Because Defendants Did Not Comply With Rule 11(c)(2)'s Mandatory Safe-Harbor Service Requirements

Defendants' motion is procedurally defective pursuant to the Rule under which they themselves have moved.  Rule 11(c)(2) requires service first, and prohibits filing during the 21-day safe-harbor period.  Defendants did not do that.  In fact, their counsel certified he simultaneously filed and served the motion papers by ECF on December 10, 2025.  That is not compliance with safe harbor; it is immediate filing.  Defendants attempt to avoid this defect by asserting: "the Court's approval of the filing of a Rule 11 motion at the November hearing obviates the need to submit such a pre-filing motion to Plaintiff."  However, that assertion contravenes the plain language of the Safe Harbor Rule.  Rule 11(c)(2) sets a *mandatory* sequence (service → 21 days → filing only if not withdrawn).  Defendants cite no order that modified that sequence.  Instead, they point instead to language governing court-initiated sanctions ("On its own, the court may order…to show cause…").  However, Defendants' motion is not a court-issued show-cause order—it is a party-filed Rule 11(c)(2) motion.

Accordingly, the motion must be denied in its entirety as procedurally barred.

11

## II.    The Motion Is Also Improper Because It Was Filed After the Case Was Closed, Eliminating the Core Safe-Harbor Protection

Third Circuit has long "require[d] prompt action by a litigant whenever a Rule [11] violation appears." See Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 100 (3d Cir. 1988).  That policy was re-affirmed and re-enforced in the 1993 amendments to Rule 11, which since has contained the above-mentioned Safe-Harbor Rule that is specifically designed to permit parties like Plaintiff an opportunity withdraw or correct a challenged filing before being held liable for attorney's fees.  See FRCP 11(c).  In addition, pursuant to the Third Circuit's Pensiero supervisory rule, "all motions requesting Rule 11 sanctions [must] be filed in the district court before the entry of a final judgment." See id.   That rule is especially important where, as here, a Rule 11 motion raises issues that are not merely collateral to an issue on appeal.  See id. at 100 (explaining that the supervisory rule is designed, in part, to "eliminate additional appeals").

Here, Defendants' motion was filed after the case was already closed by Order of November 14, 2025. Whatever Defendants might claim was said during the November 13th Hearing, the operative docket reality is that the Court had already closed the case before Defendants filed their ill-fated Motion on December 10, 2025.  To be clear, Plaintiff's argument does not elevate form over substance. As indicated above, Plaintiff already has initiated a timely appeal from the Court's imposition of sanctions against him, yet by bringing the within Rule 11 Motion,

Defendants ask the Court to issue *more* sanctions for the *same* conduct. Thus, if

Defendants' Motion were to be granted, that would result in yet another appeal,

which is precisely what the Third Circuit wanted to avoid when it issued the

<u>Pensiero</u> rule.  For that reason, Defendants' Motion should be denied in its entirety

as a matter of law.

### III. Defendants' Motion Fails Rule 11's Substance Requirements Because It Does Not Identify a Specific Written Filing Within Rule 11(b) and Seeks an Overbroad "Fees Incurred to Date" Award Untethered to Any Particular Violation

Rule 11 is triggered by "presenting to the court a pleading, written motion,

or other paper."  The rule further requires that a sanctions motion "must describe

the specific conduct that allegedly violates Rule 11(b)." Yet, Defendants do not

present a compliant "paper-by-paper" Rule 11 analysis. Instead, they seek to

punish Plaintiff broadly for their "having been obligated to defend this case,"

generally, on the grounds that it "never should have been brought and which

should have been voluntarily dismissed once Defendants filed their … motion

showing lack of jurisdiction due to improper service of process."  However, that is

precisely how Rule 11 does *not* operate. In order to avail itself of Rule 11 fee-

shifting on those grounds, Defendants were required to have served a Rule 11

motion *prior* to filing its MTD in February 2024, not after the case was closed in

November 2025.  Unlike 28 U.S.C.A. §1927 (Defendants expressly state that they

are *not* moving under that statute), Rule 11 is not a catch-all fee-shifting provision

a party can assert at the end of litigation. Rather, it is a targeted tool, designed to surgically – and *timely* – address specific papers filed by an opposing party. Defendants' effort to convert a judicial reprimand into blanket fee-shifting—without identifying a specific paper and without a safe-harbor opportunity—confirms their motion is not a proper Rule 11(c)(2) motion.

IV.    **Defendants' Fee Submission Is Not Reviewable Because It Redacts the Work Descriptions, Preventing Any Adversarial Challenge and Preventing the Court from Assessing Reasonableness or Causation**

Defendants' counsel admits the invoices submitted in supported of Defendants' fee application are redacted such that only "charges are visible," yet request that Plaintiff be compelled to pay the "full amount" of the claimed fees and costs "sight unseen." This is not a permissible way to litigate a sanctions fee award. The Court cannot evaluate (and Plaintiff cannot challenge) whether counsel's hours were reasonable, whether tasks were duplicative, whether rates were appropriate, and—most importantly in the sanctions context—whether the claimed fees were incurred in connection with specific Rule 11 "papers" that Plaintiff failed to withdraw despite Defendants' timely demand made under and in compliance with the Rule. Defendants' suggestion that they "are prepared" to submit unredacted invoices only for in camera review underscores the defect: Rule 11 sanctions cannot be awarded based on an unchallengeable record that deprives the responding party of notice and the ability to test reasonableness and causation.

14

**V.     The Court Should Award to Plaintiff the Fees and Costs He Has Incurred in Opposing Defendants' Motion Pursuant to Rule 11's Prevailing-Party Provision**

Rule 11(c)(2) expressly authorizes shifting fees to the prevailing party on a sanctions motion: "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."  Plaintiff is clearly the prevailing party here.  In bringing their Motion, Defendants did everything wrong: they improperly (a) filed the Motion without complying with Rule 11's mandated Safe-Harbor process when they "served" their Motion simultaneously with their ECF filing of same, (b) filed the Motion after the case had already been closed, thereby creating the risk of multiple appeals, (c) seek fee reimbursement without identifying specific filings Plaintiff ostensibly failed to withdraw after having received due warning from Defendants, which in fact never was served as expressly required by Rule 11, (d) submitted billing records with wholesale redactions of the work performed   while demanding the Court order payment of the "full amount," (e) failed to conduct "a normally competent level of legal research to support the presentation" of their Motion insofar as yet they failed, among other things, to bring to this Court's attention the Third Circuit's Pensiero supervisory rule and the risk of multiple appeals their Motion invites.

Accordingly, Plaintiff respectfully requests an award of the reasonable attorney's fees and costs he has incurred and will incur in responding to and

15

defending against Defendants' Rule 11 Motion, with the amount to be set upon submission of Plaintiff's fee affidavit within a deadline to be set by the Court.

**VI.    The Court Should Also Exercise Its Inherent Authority to Deter Defendant's Abuse of the Sanctions Process**

Defendants themselves cite the Court's inherent power to impose sanctions for abuse of the judicial process.  Filing a procedurally-barred Rule 11 motion after case closure that is supported by blacked-out invoices is a misuse of Rule 11 that warrants deterrence.  Perhaps most disconcerting, however, is the fact that Defendants failed during the November 2025 hearing to disabuse the Court of its clearly erroneous assumption that Defendants had properly and timely complied with Rule 11's pre-filing service requirement when in fact Defendants had done no such thing.  Accordingly, the Court should impose whatever non-monetary or monetary sanction it deems appropriate to prevent repetition of such lack of candor with the Court, including an order to show cause directed to Defendants' counsel.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (1) denying Defendants' Rule 11 motion; (2) awarding Plaintiff the reasonable attorneys' fees and costs incurred in opposing it; and (3) imposing such further sanctions as the Court deems just and proper.

Respectfully submitted,

/s/ David Arroyo

16

Dated: January 13, 2026                     David M Arroyo, Esq.
                                            Lebensfeld Sharon & Schwartz P.C.
                                            141 W. Front Street, Suite 170
                                            Red Bank, NJ 07701
                                            *Counsel for Plaintiff Abraham Leavitt*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 13th day of January, 2026 that a copy of Plaintiff's Motion was served on counsel for Defendants via ECF:

To:    Peter T. Shapiro, Esq.
       Lewis Brisbois Bisgaard & Smith LLP
       One Riverfront Plaza, Suite 800
       Newark, NJ 07102
       Peter.Shapiro@lewisbrisbois.com

                                            /s/  David M. Arroyo
                                            David M. Arroyo