# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ABRAHAM LEAVITT,

   Plaintiff,

  v.

SKY WARRIOR BAHAMAS LIMITED
d/b/a BAHA MAR CASINO, and CHOW
TAI FOOK ENTERPRISES LTD.,

   Defendants.

Case No. 1:24-cv-00886-RMB-SAK

---

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR SANCTIONS AGAINST PLAINTIFF AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SANCTIONS

---

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Riverfront Plaza, Suite 800
Newark, N.J. 07102
Tel: (973) 577-6260
*Attorneys for Defendants*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

ARGUMENT ...........................................................................................................3

     I.      Sanctions Are Properly Awarded Herein Under Rule 11 As
            Well As The Court's Inherent Authority To Impose Sanctions ...........3

          A.     The Court Should Reject Plaintiff's Contention that
                this Motion is Procedurally Defective ......................................3

          B.     Plaintiff's Other Grounds for Opposition Are Not
                Well Taken ...............................................................................7

          C.     Plaintiff's Cross-Motion Should Be Denied.............................10

CONCLUSION ......................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Chambers v. NASCO, Inc.,*
  501 U.S. 32 (1991)...........................................................................................................4

*Chang v. Ale C&C Co., Ltd.,*
  778 F. Supp. 3d 654 (D.N.J. 2025).................................................................................5

*Gillette Foods Incorp. v. Bayernwald-Fruchteverwertung, GmbH,*
  977 F.2d 809 (3d Cir. 1992) ...........................................................................................5

*Mary Ann Pensiero, Inc. v. Lingle,*
  857 F.2d 90 (3d Cir. 1988) .............................................................................................9

*Republic of the Philippines v. Westinghouse Elec.,*
  43 F.3d 65 (3d Cir. 1994) ...............................................................................................4

*Wachtel v. Health Net, Inc.,*
  239 F.R.D. 81 (D.N.J. 2006)...........................................................................................5

**Statutes**

28 U.S.C. § 1927 ................................................................................................................10

**Rules**

F.R.Civ.P. Rule 11 ...............................................................................................1, 2, 3, 4, 5, 10

## INTRODUCTION

Defendants, by their attorneys Lewis Brisbois Bisgaard & Smith LLP, submit this reply brief in further support of their motion for sanctions and in opposition to Plaintiff's cross-motion for the same relief.

As the Court no doubts recalls, during the period that Plaintiff proceeded pro se, he repeatedly failed to conform his conduct to the Court's directives. Unfortunately, it seems that even now that Plaintiff has counsel, the Court's directives are being ignored. Plaintiff's opposing memorandum of law ("Plaintiff's Memo."; Dkt. No. 45-1) is predicated on the mistaken notions that the instant motion is invalid because Defendants failed to follow the safe harbor procedure called for under Rule 11(c)(2) and because they filed the motion after the case was dismissed. Plaintiff's argument do not withstand analysis given the Court's ruling, at the hearing conducted on November 13, 2025, granting Defendants leave to file a sanctions motion notwithstanding that the case was essentially over and was about to be dismissed, and without requiring that the Rule 11(c)(2) procedure be utilized.

Annexed hereto as Appendix A is the transcript of that hearing. The Court gave Defendants leave to file a sanctions motion. Transcript pp. 21, 25. "And if you wish to file a Rule 11 application, you can do that. I can hold a hearing." Id. p. 21. The Court also granted Defendants' request to file such a motion within 10 days (which was done). Id. p. 25.

1

Plaintiff argues that the Court did not authorize waiving the Rule 11(c)(2) procedure notwithstanding its directive at the hearing because the Court did not know that Defendants had not previously served a motion under Rule 11(c)(2). Plaintiff's Memo. pp. 8-9. Obviously, the Court was not concerned with whether Defendants had previously followed the Rule 11 procedure; the issue was solely whether Plaintiff's sanctionable behavior warranted an award of fees and costs in addition to the Court's reprimand. Moreover, following that procedure would have been pointless. At that point, the case was essentially over and the only issue left to be decided is whether the past conduct was sufficiently frivolous to merit awarding costs and fees to Defendants. The Rule 11(c)(2) procedure is designed to avoid incurring costs and fees by inducing an opposing party to recognize that their filing is frivolous and withdraw their offensive filings to avoid further litigation. Here, Plaintiff persisted with his frivolous conduct from the moment the case was filed until the day before the hearing (when newly appearing counsel withdrew the recusal and reconsideration motions), and that consistent course of conduct is what merits sanctions as the Court confirmed in reprimanding Plaintiff on the record. Transcript p. 23; Dkt. No. 37. Given Plaintiff's contumacious conduct throughout the case, it is specious to suggest that he would have acted differently had Defendants served a Rule 11 motion at an earlier stage in the case. Critically, the determination that Plaintiff acted improperly had already been made.

It is also notable that, notwithstanding the contrite presentation by counsel at the final hearing in order to seek leniency for his supposedly well-intentioned but naive client, Plaintiff has not actually retreated from his position that his conduct were proper. He has filed a Notice of Appeal and has advised the Third Circuit Court of Appeals that he "specifically appeal from the District Court's decision to judicially reprimand Leavitt for purported lack of candor to the Court and purported litigation misconduct." Third Circuit Dkt. No. 16 (annexed hereto as Appendix B). In order to show on appeal that the reprimand was an abuse of discretion, Plaintiff will have to establish that his litigation conduct was proper. In sum, Plaintiff is now tripling down.

### ARGUMENT

I.     **SANCTIONS ARE PROPERLY AWARDED HEREIN UNDER RULE 11 AS WELL AS THE COURT'S INHERENT AUTHORITY TO IMPOSE SANCTIONS**

### A. The Court Should Reject Plaintiff's Contention that this Motion is Procedurally Defective

Plaintiff's opposition fails to grapple persuasively with Defendants' showing in support of the motion that "the Court's approval of the filing of a Rule 11 motion at the November hearing obviates the need to submit such a pre-filing motion to Plaintiff." Defendants' Brief p. 3 (footnote omitted). Defendants submit that there is no basis to require them to go through the charade of asking Plaintiff to withdraw his various offensive filings given that the Court has already ruled that Plaintiff's

3

conduct was improper, frivolous and sanctionable.[1] There was essentially nothing left for Plaintiff to withdraw at the end of the case.

Even assuming arguendo that a Rule 11 motion expressly authorized by the Court, as is the case here, would ordinarily entail the process called for by Rule 11(c)(2), and if the Court agrees that Defendants should have followed that procedure, the Court can, of course, impose sanctions based on its inherent authority when, as here, a party's conduct is so patently frivolous and improper.[2]

The Supreme Court has confirmed that federal courts have inherent authority to impose sanctions upon those who abuse the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991). Rule 11 does not displace a court's inherent power because "the inherent power must continue to exist to fill in the interstices." Id. at 46. See generally Republic of the Philippines v. Westinghouse Elec., 43 F.3d 65, 73 (3d Cir. 1994) (discussing federal courts' broad power to control the conduct of parties under various statutes and rules, and noting: "Nor do those formal rules and legislative dictates exhaust district courts' power to control

---

[1] Plaintiff's subsequent conduct confirms that going this route would have been futile and should therefore be excused given that he has filed a Notice of Appeal and intends to argue that his litigation conduct was proper such that this Court erred in reprimanding him. *See* Appendix B.

[2] Also, as Plaintiff notes, it is not a surprise here that sanctions are in play. Plaintiff has long been on notice that Defendants intended to seek sanctions including an award of costs and fees. Plaintiff's Memo. p. 6, citing Dkt. No. 18 pp. 1-2.

misbehaving litigants"). Accord Gillette Foods Incorp. v. Bayernwald-Fruchteverwertung, GmbH, 977 F.2d 809, 813 (3d Cir. 1992) (imposing sanctions based on court's inherent authority may be proper even if the offending conduct is found not to have violated Rule 11).

The district courts in the Third Circuit have not hesitated to assess attorney's fees when, as here, a party has acted in bad faith. See e.g. Wachtel v. Health Net, Inc., 239 F.R.D. 81, 84 (D.N.J. 2006) (imposing sanctions and noting the court's inherent powers encompass assessing attorneys' fees when a party has acted in bad faith). Quite recently, in Chang v. Ale C&C Co., Ltd., 778 F. Supp. 3d 654, 674 (D.N.J. 2025), the district court awarded attorneys' fees based on its inherent authority after disqualifying an attorney who engaged in bad faith litigation conduct despite having been afforded ample opportunity to correct his actions.

In the case at bar, the Court's findings as to Plaintiff's bad faith conduct leave little doubt that he should be required to pay Defendants' costs and fees whether under Rule 11 or pursuant to the Court's inherent authority. See the Court's Opinion dated September 24, 2024 (Dkt. No. 9), p. 2. Among other misdeeds, in September 2023, Plaintiff filed suit in the New Jersey Superior Court (Dkt. No. 1-2), effected bogus service, sought a default order based on the false representation that he had properly served Defendants, and obtained the default order based on that false premise. He did so despite the evidence that he had only served the agent for service

5

of process for different entities, which he was able to do because he improperly failed to disclose the agent's rejection of his purported service. Id. p. 15. Then, when the case moved to this Court, he asserted baseless, bad faith arguments about service, including to support his misguided effort to induce the Court to remand the case to the Superior Court, in which connection he improperly invoked res judicata and the Rooker-Feldman doctrine. Id. pp. 10-12.

After the Court conducted a hearing during which Plaintiff dissembled about the facts, the Court concluded correctly that it lacked personal jurisdiction over Defendants, but sought the answers to two pertinent questions, which were provided. Dkt. Nos. 16-20. Next, the Court issued an Order to Show Cause for Plaintiff to explain why he should not be sanctioned. Dkt. No. 21. Plaintiff responded to the Order to Show Cause (Dkt. No. 22) by doubling down on his position and then, instead of heeding the Court's explanation that he was proceeding improperly, on June 25, 2025, he moved for recusal seemingly based on nothing more than the Court's having rejected his arguments and questioned his candor, and on July 14, 2025, he also filed an improvident reconsideration motion. Dkt. Nos. 24, 27. Plaintiff did not withdraw those baseless motions until November 12, 2025 (Dkt. Nos. 34, 36), which was only after Defendants had to incur attorneys' fees reviewing and addressing those filings, and the Court had to consider them, and he seemingly only did so on the advice of the attorney he retained to handle the sanctions hearing

6

ordered by the Court (Dkt. No. 28). In sum, Plaintiff's improper conduct continued apace from September 2023 for almost two years.

It is also critical to note that Plaintiff based this entire proceeding on the insupportable claim that a New Jersey common law right of access to public accommodations somehow applied to his experience while gambling at Defendants' casino in the Bahamas. Dkt. No. 1, Exh. A. He has yet to acknowledge that this was a faulty predicate for his decision to sue in the first place. In short, Plaintiff's indefensible conduct has been frivolous from start to finish.

**B. Plaintiff's Other Grounds for Opposition Are Not Well Taken**

In addition to challenging the manner in which this motion was brought on, Plaintiff argues that Defendants have not sufficiently delineated the grounds for relief, he is unable to oppose the motion because the content of the time entries are redacted, and the motion was filed belatedly after the case was closed. Plaintiffs' Memo. p. 14. The Court should give short shrift to those arguments.

As to the first point, Defendants' motion was filed without delving deeply into a recitation of Plaintiff's offending conduct because they were mindful of the fact that far too much ink has already been spilled by virtue of the motion practice herein. Based on Defendants' filings seeking dismissal, Plaintiff's submissions, the evidence adduced at the February 4, 2025 hearing, and the Court's own inquiries into Plaintiff's conduct, the record is replete with the grounds on which the Court

7

based its reprimand which also supports the instant sanctions motion. Given the state of the record, for Plaintiff to argue with a straight face that he does not know what conduct he needed to defend in order to oppose Defendants' sanctions motion is astounding. It is telling that, even though Plaintiff intends to appeal the Court's rulings, he cannot be bothered in his opposing papers to articulate any reasons he should not have been sanctioned, as opposed to the amount of costs and fees that may be proper in light of his sanctionable conduct. It is reasonable to surmise that Plaintiff does not defend his conduct because it is indefensible. Given Plaintiff's failure to submit a substantive opposition, the motion should be granted.

Plaintiff's second argument is that he cannot challenge whether the fees and costs sought by movants should awarded because they have redacted the attorney time records. As Defendants noted in their moving brief, they are prepared to provide the unredacted records in camera. Defendants' Brief . p. 6. If the Court concludes that it is necessary for both the Court and Plaintiff to review the full time entries in order to determine whether fees and costs should be awarded, Defendants would of course heed the Court's directive. Defendants do not object to the Court giving Plaintiff an opportunity to address the billing records at the appropriate time. In that regard, the Court appears to contemplate conducting a hearing on the sanctions motion, having stated: "I will hold a hearing." Transcript p. 21. If the Court deems

appropriate, Defendants can present unredacted invoices prior to the hearing for review by the Court and Plaintiff, which can be vetted at the hearing.

Of course, the Court can grant this motion and decide that sanctions are appropriate, without determining the amount of costs and fees to be awarded pending such hearing. Even if the Court directs that the determination whether Plaintiff's conduct was sufficiently frivolous that costs and fees should be awarded must await a hearing, Defendants submit that, given the lack of substantive opposition to their motion, Plaintiffs should not be given a second opportunity to present a defense at the hearing other than as to the amount of costs and fees to be awarded. Of course, the Court will determine what the subject matter of the hearing will consist of.

Further, Defendants submit that, given the modest amount of costs and fees incurred for a case that involved multiple motions and appearances, it will be difficult for Plaintiff to show that the award sought is disproportionate or otherwise improper.

Finally, Plaintiff's contention that Defendants filed their motion too late is insupportable given that the Court invited the filing of the motion knowing full well that all other aspects of the case had been completed. Given the Court's endorsement of this filing (albeit without stating whether sanctions in the form of costs and fees would be granted), the general rule stated in <u>Mary Ann Pensiero, Inc. v. Lingle,</u> 857

9

F.2d 90, 100 (3d Cir. 1988), that "all motions requesting Rule 11 sanctions be filed in the district court before the entry of a final judgment", is not controlling.

### C. Plaintiff's Cross-Motion Should Be Denied

Given the foregoing, Defendants submit that there is no basis to award fees to Plaintiff under Rule 11 or the Court's inherent authority based on his having been required to oppose the motion. It would be paradoxical for the Court to have invited the filing of a motion only to sanction the party that accepted the invitation.[3]

### CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that Plaintiff should be sanctioned for his conduct and Defendants should be awarded attorneys' fees and costs pursuant to Rule 11 or the Court's inherent authority, and the cross-motion should be denied.

Respectfully Submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
**Attorneys for Defendants**


By: /s/ Peter T. Shapiro
       Peter T. Shapiro, Esq.

Dated:  January 21, 2026

---

[3] While Plaintiff correctly notes that Defendants did not move under 28 U.S.C. § 1927 based on the vexatious multiplying of the proceedings because Plaintiff is pro se, now that Plaintiff has counsel who has filed a deficient opposition and cross-motion, relief under that statute may be called for.

10

## CERTIFICATE OF FILING

I certify that on January 21, 2026, I caused Defendants' sanctions motion to

be filed by ECF and thereby served on counsel for Plaintiff.

By: /s/ Peter T. Shapiro
Peter T. Shapiro, Esq.