[Docket No. 39]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

ABRAHAM LEAVITT,

Plaintiff,

v.

SKY WARRIOR BAHAMAS LIMITED, d/b/a BAHA MAR CASINO, & CHOW TAI FOOK ENTERPRISES LTD.,

Defendants.

Civil No. 24-886-RMB-SAK

**MEMORANDUM ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge**:

**THIS MATTER** comes before the Court upon a Federal Rule of Civil Procedure 11(c)(2) Motion for Sanctions (the "Motion") filed by Defendants Sky Warrior Bahamas Limited, d/b/a Baba Mar Casino and Chow Tai Fook Enterprises Ltd. (collectively, "Defendants") against Plaintiff Abraham Leavitt ("Leavitt"). The Court will **DENY** the Motion for the reasons that follow.

Leavitt originally filed this lawsuit in New Jersey state court after he was booted from the Baha Mar Resort Casino owned and operated by Defendants. *Leavitt v. Sky Warrior Bah. Ltd.*, No. 24-886, 2024 WL 4275052, at *1 (D.N.J. Sept. 24, 2024). Following removal, this Court granted Defendants' motion to dismiss for improper service. *Id.* at *6–*9. In so doing, this Court found that Leavitt had not properly served Defendants because the registered agent whom Leavitt had served could not accept service on Defendants' behalf and rejected it. *Id.* at *2, *7.

On May 5, 2025, this Court dismissed the action without prejudice for improper service. In relevant part, the Court held that "Leavitt did not act in good faith when seeking default judgment against Defendants in the state court. The record here, coupled with Leavitt's ever-changing-story, leads this Court to the inescapable conclusion that Leavitt knew the purported registered agent had rejected service of process but Leavitt obtained default judgment against Defendants anyway." [Docket No. 21, at 5]. That same Order directed Leavitt to show cause as to why he should not be sanctioned under Federal Rule of Civil Procedure 11 for his litigation conduct. [*Id.* at 10.]

On November 14, 2025, after holding a non-evidentiary hearing and considering argument from Leavitt's newly-retained Counsel, the Court issued an Order that judicially reprimanded Leavitt "for his lack of candor to the Court and litigation misconduct." [Docket No. 36, at 1.] At the hearing, Counsel set forth what steps Plaintiff should have taken, but did not. *See* [Docket No. 38.] Counsel also filed a Declaration of Abraham Leavitt. [Docket No. 34-1.]

On the heels of this Court's reprimand, Defendants now seek a sanction in the form of attorney's fees against Leavitt in large measure for his misconduct, as well as the protracted nature of this proceeding. [Docket No. 39-3.] Cognizant of its "inherent authority to impose" attorney's fees, the Court declines to do so. *See Rep. of Phil. v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3d Cir. 1994) (alteration in original). First, it is evident from the record that when this service-of-process issue was first presented to the Court, the who, what, when, and why—the precise facticity ultimately giving rise to the Court's judicial reprimand—were unknown. *See, e.g.*, [Docket No. 4-12 (variably describing Leavitt's conduct as "erroneous," "inaccurate," and "misleading").] Spearheaded by its own initiative, the Court held the first hearing, which, despite exchanges with the parties, had to

conclude with the Court still "want[ing] a record that's complete," as neither party could fully satisfy the Court's concerns over the improper-service-of-process puzzle. As Leavitt later explained, through Counsel, much of what transpired before the Court was due to Leavitt's inattention and assumptions that turned out to be wrong. *See* [Docket Nos. 34-1, 38.] This Court has already reprimanded Leavitt on its own accord and sees no need to belabor this record with an evidentiary hearing. *Westinghouse Elec.*, 43 F.3d at 74 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)) ("[B]ecause of their very potency, inherent powers must be exercised with restraint and discretion."). Accordingly,

**IT IS**, on this **30th** day of **July 2026**, hereby

**ORDERED** that the Defendants' Motion for Sanctions is **DENIED**.

**/s/ Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge